The Honorable Mike Bearden State Senator P O Box 686 Osceola, AR 72370
Dear Senator Bearden:
This is in response to your request for an opinion regarding citywide initiative and referendum petitions. Attached to your letter is correspondence from Jodi Raines Dennis of the Secretary of State's Office wherein the following specific questions are posed:
 1. Whether the procedures established is [sic] A.C.A. 7-9-101 — 7-9-123 for initiative or referendum petitions should be used in conjunction with Amendment 7 of the Arkansas Constitution when a citywide petition is prepared, certified, circulated and presented on the ballot.
 2. Who is responsible for drafting a ballot title and certifying it for the ballot?
 3. Must the petition be approved prior to circulation and if so, by whom?
 4. If it is determined that the guidelines in A.C.A. 7-9-101 — 7-9-123 may not be applied to citywide initiatives and referendums, what guidelines should be followed?
In response to your first question, some of the procedures established in these Code sections apply in the case of citywide petitions, and some do not. It must be recognized that several of these sections reflect the codification of Act 195 of 1943, the definitional section of which clearly indicates that its provisions apply to proposed amendments of the Arkansas Constitution and to acts having general application throughout the state. See A.C.A. 7-9-101. Act 195 of 1943 is codified at A.C.A.7-9-101 to 103,, 7-9-107, 7-9-108, 7-9-111 to 113, 7-9-115 to 119,7-9-121, and 7-9-123. Thus, references in these Code sections to "amendment," "act," or "measure" do not generally encompass local, citywide initiative or referendum petitions. Our review indicates that Sections 7-9-104 to 106, 7-9-109, 7-9-120, and 7-9-122 have applicability in the case of local petitions, except as to any provision in conflict with Amendment 7 to the Arkansas Constitution.
Reference must, finally, be made to each of these Code sections in order to fully assess its applicability to local petitions. Section 7-9-103(c)(1), for instance, clearly applies to citywide referendum petitions through its reference to "any ordinance passed by the council of the municipality."
With regard to your second question, it appears that Amendment 7 is controlling wherein it states under the section entitled "The Petition":
At the time of filing petitions the exact title to be used on the ballot shall by the petitioner be submitted with the petition; . . . on county and municipal measures such title shall be submitted to the County Election Board and shall by said board be placed upon the ballot in such county or municipal election.
Thus, the petitioner is responsible for drafting the ballot title, which is then placed on the ballot by the County Board of Election Commissioners, in the case of citywide petitions. See also A.C.A. 7-5-511 and 7-5-512 (regarding furnishing of ballot labels.) Reference should be made to A.C.A. 14-46-242 when dealing, specifically, with a commission form of municipal government.
The answer to your third question is, generally, "no" with regard to local petitions. I assume that this question pertains to the prior approval of ballot titles and popular names, as required under A.C.A. 7-9-107 with regard to statewide measures. There is no such procedure under state law in connection with citywide petitions. A conclusive response would, however, require consideration of any potentially applicable local legislation in this regard.
With regard to your final question, as noted in response to your first question, several of these Code sections do apply, in whole or in part, to local initiatives and referendums. Any guidelines established by the particular municipality, in accordance with Amendment 7 to the Arkansas Constitution (see section entitled "Local Petitions"), should also be considered.
The foregoing opinion, which I hereby approve, was prepared by Assistant General General Elisabeth A. Walker.